**Electronically Filed
Intermediate Court of Appeals
30653
16-JUN-2011
08:30 AM**

NO. 30653

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KEVIN K. ENOS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NOS. 09-1-0523(2) and 10-1-0003(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)


Defendant-Appellant Kevin K. Enos (Enos) appeals from the Judgment entered on July 8, 2010, by the Circuit Court of the Second Circuit (Circuit Court)[1] in Cr. No. 09-1-0523(2) and Cr. No. 10-1-0003(2). On appeal, Enos argues that the Circuit Court: (1) erred when it found that based on Enos's prior criminal history, Enos could not be considered nonviolent; and (2) abused its discretion in denying Enos's request to be sentenced to probation under Hawaii Revised Statutes (HRS) § 706-622.5 (Supp. 2010). We disagree and affirm the Circuit Court's Judgment.

I.

Enos was charged in Cr. No. 09-1-0523(2) with Promoting a Dangerous Drug in the Second Degree (Count 1); Unlawful Use of Drug Paraphernalia (Count 2); and Promoting a Detrimental Drug in

---

[1] The Honorable Shackley F. Raffeto presided.

the Second Degree (Count 3). He was charged in Cr. No. 10-1-0003(2) with the same three offenses under the same count numbers. Pursuant to a plea agreement with Plaintiff-Appellee State of Hawaii (State), Enos pleaded no contest to Counts 1 and 2 in both Cr. No. 09-1-0523(2) and Cr. No. 10-1-0003(2). The plea agreement provided in part that "Mr. Enos is free to ask for sentencing under Act 44 (HRS 706-622.5) and the State is free to oppose it."

HRS § 706-622.5 gives the court discretion to sentence certain first-time drug offenders to probation provided the person meets specified criteria. One of the required criteria is: "The court has determined that the person is nonviolent after reviewing the person's criminal history, the factual circumstances of the offense for which the person is being sentenced, and any other relevant information." HRS § 706-622.5(1)(a).

Enos's criminal history includes (1) convictions for Kidnapping, Terroristic Threatening in the First Degree, and Assault in the Third Degree, for which he was sentenced in 1995 to concurrent terms of imprisonment of ten years, five years, and one year, respectively; (2) a conviction for Burglary in the First Degree, for which he was sentenced in 1996 to ten years of imprisonment; (3) a conviction for Assault in the Third Degree, for which he was sentenced in 1993 to one year of probation; and (4) a conviction for Abuse of a Family or Household Member, for which he was sentenced in 1987 to a suspended sentence. Enos's parole was revoked several times resulting in his reincarceration.

Enos requested that he be sentenced to probation pursuant to HRS § 706-622.5. Enos argued that despite his prior convictions for kidnapping, terroristic threatening, burglary, assault, and abuse of a family or household member, he should be deemed nonviolent because of the length of time that had passed since those convictions. Enos's counsel argued: "He did go to

2

prison. He did get rehabilitated. And he hasn't had any violent crimes since then."

The Circuit Court found that because of the level of Enos's history of violence, Enos did not qualify for sentencing under HRS § 706-622.5. The Circuit Court sentenced Enos to ten years of imprisonment on Count 1 and five years of imprisonment on Count 2 in both Cr. No. 09-1-0523(2) and Cr. No. 10-1-0003(2), all terms to be served concurrently.

II.

Upon careful review of the record and the briefs submitted by the parties, we resolve the arguments raised by Enos on appeal as follows:

A.

The Circuit Court did not err when it found that based on Enos's prior criminal history, Enos could not be considered nonviolent. HRS § 706-622.5(1)(a) specifically directs the sentencing court to consider a defendant's criminal history in determining whether the defendant is nonviolent. The record shows that Enos has a significant criminal history that includes convictions for Kidnapping, Terroristic Threatening in the First Degree, Burglary in the First Degree, Assault in the Third Degree, and Abuse of a Family or Household Member. These are offenses which involve violence, the threat of violence, or the serious risk of violence. Enos cites no persuasive authority for, and we reject, the contention that the passage of time since Enos's convictions precluded the Circuit Court from considering them in determining whether he was nonviolent.[2] We also reject Enos's claim that the record must include details of how Enos's prior violent offenses were committed before the Circuit Court could consider them.

---

[2] In addition, the record indicates that Enos spent a substantial portion of the time between his prior convictions and his current offenses in prison, pursuant to his original sentences and because of several parole revocations. This diminishes the significance that may be attributed to the passage of time since Enos's prior violent convictions.

We disagree with Enos's contention that the Circuit Court's finding that Enos did not qualify as nonviolent was not supported by substantial evidence in the record. Given the nature and extent of Enos's prior criminal history, we conclude that there was substantial evidence to support the Circuit Court's finding and that this finding was not clearly erroneous.

B.

The Circuit Court did not abuse its discretion in denying Enos's request to be sentenced to probation under HRS § 706-622.5. As noted, the Circuit Court did not err in finding that based Enos's prior criminal history, Enos did not qualify as nonviolent. Thus, the Circuit Court did not abuse its discretion in relying on that finding in rejecting Enos's request for sentencing under HRS § 706-622.5. Without a determination by the Circuit Court that Enos was nonviolent, Enos did not qualify for a probationary sentence under HRS § 706-622.5.

III.

We affirm the Judgment entered by the Circuit Court on July 8, 2010, in Cr. No. 09-1-0523(2) and Cr. No. 10-1-0003(2).

DATED: Honolulu, Hawai'i, June 16, 2011.

On the briefs:

Jennifer D.K. Ng
Deputy Public Defender
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4